# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2015

Lyle W. Cayce
Clerk

No. 14-20722
Summary Calendar

ANTOINETTE RENEE LAMPKIN,

Plaintiff-Appellant,

v.

AJILON PROFESSIONAL STAFFING,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3779

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Antoinette Renee Lampkin ("Lampkin"), proceeding *pro se*, brought this suit against Defendant-Appellee Ajilon Professional Staffing ("APS") asserting discrimination in violation of the Americans with Disabilities Act ("ADA"). Upon reviewing the parties' cross-motions for summary judgment, the district court entered final judgment in favor of APS. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20722

APS is a staffing agency that recruits qualified candidates for job openings with client companies. On March 1, 2012, Lampkin interviewed with Megan Hiller, a staffing manager at APS, to discuss a legal assistant position. Near the end of the interview, Lampkin asked Hiller about the position's flexibility, informing Hiller that she would need to leave work early on Wednesday and Thursday evenings in order to take a "special needs child" to speech and occupational therapy appointments. Hiller allegedly told Lampkin that "working downtown may not be a good option for you," but subsequently repeated her intent to submit Lampkin's resume for the position. On March 26, Lampkin sent an email to Hiller inquiring about the status of the legal assistant position. The following day, Hiller responded that the position had been filled by another agency before Hiller had an opportunity to submit Lampkin's resume. On April 19, 2012, Lampkin emailed Katherine Byrd-Hand ("Byrd"), another employee at APS, requesting to submit her resume for "office administration positions." While Byrd initially replied expressing interest in meeting with Lampkin, she took no further action after discovering that Lampkin was "represented" by Hiller. Byrd was unaware of Lampkin's relationship with a "special needs child."

Lampkin filed suit in the United States District Court for the Southern District of Texas, claiming that both Hiller and Byrd discriminated against her based on her association with a disabled person in violation of the ADA.[1] Following discovery, the parties each moved for summary judgment on Lampkin's ADA claim, and the district court referred the motions to a magistrate judge, who recommended denying Lampkin's motion and granting

---

[1] Lampkin's original complaint also asserted Title VII claims for discrimination on the basis of race and sex. These claims were previously dismissed by the district court, and Lampkin has not appealed that decision.

No. 14-20722

summary judgment in favor of APS.    After conducting a de novo review, the district court adopted the magistrate judge's recommendation.    This appeal followed.

We review "a district court's grant of summary judgment de novo, applying the same standards as the district court."    *Ibarra v. United Parcel Serv.*, 695 F.3d 354, 355 (5th Cir. 2012).    Summary judgment is appropriate where the movant demonstrates "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."    Fed. R. Civ. P. 56(a).    A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).    When cross-motions for summary judgment have been filed, we review each party's motion "independently, viewing the evidence and inferences in the light most favorable to the nonmoving party."    *Green v. Life Ins. Co. of N. Am.,* 754 F.3d 324, 329 (5th Cir. 2014) (quoting *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013)).    A party asserting a genuine dispute of material fact "must support such an assertion by citing specific parts of the record."    *Grimes v. Wal-Mart Stores Texas, L.L.C.*, 505 F. App'x 376, 379 (5th Cir. 2013).

Based on a careful review of the record, the parties' respective briefs, and the relevant magistrate and district court opinions, we conclude that APS's motion for summary judgment was properly granted.    The district court correctly concluded that Lampkin failed to establish the fourth element of her *prima facia* case, *i.e.*, presenting sufficient evidence that would raise a genuine issue of material fact as to whether the adverse employment action raised "a reasonable inference that the relative's disability was a determining factor in the employer's adverse action."    *Id*. at 380.    Because the district court's careful analysis thoroughly explains our reasoning, we need not engage in a

3

redundant analysis simply to reach the same result.   We therefore AFFIRM for essentially the same reasons as those assigned by the district court.